IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 14-40005-DDC |
| MICHELLE REULET (3), | |
| Defendant. | |

## MEMORANDUM AND ORDER

This case comes before the Court on defendant Michelle Reulet's counsel's unopposed Motion to Withdraw (Doc. 650). In response, the government has filed a Motion to Require Compliance with Local Rule 83.5.5 (Doc. 651). For the reasons set forth below, the Court denies defense counsel's motion, without prejudice, and grants the government's motion.

In Mr. Reynal and Mr. Bainum's Motion to Withdraw, they represent that they have discussed Mr. Reynal's inability to continue the representation with Ms. Reulet and "given the circumstances, she is unopposed to this motion." Doc. 650. Counsel also ask the Court to provide Ms. Reulet time to secure a new lawyer. In response, the government filed a motion asking the Court to deny the withdrawal motion because defense counsel have not complied with D. Kan. Rule 83.5.5, which governs withdrawals of attorneys whose client will be left without counsel.

Rule 83.5.5(a) states:

An attorney seeking to withdraw whose client will be left without counsel must:

(1) file a motion to withdraw that: (A) sets forth the reasons for the withdrawal . . . (B) provides evidence that the withdrawing attorney provided the client with notice of: (i) the admonition that the client is personally responsible for complying with all orders

      of the court and time limitations established by the rules of procedure or by court order; and (ii) the dates of any pending trial, hearings, conferences, and deadlines; and (C) provides the court with a current mailing address and phone number for the client;

  (2)  serve the motion to withdraw on the withdrawing attorney's client either by personal service or by certified mail, with return receipt requested;

  (3)  serve the motion to withdraw on all attorneys of record . . . ; and

  (4)  file either: (A) proof of personal service of the motion to withdraw or the certified mail receipt, signed by the client; or (B) an affidavit indicating that the client received a copy of the motion to withdraw.

The record shows that defense counsel partially have complied with Rule 83.5.5(a), in that they have set forth the reasons for the withdrawal and served the motion to withdraw on all attorneys of record. D. Kan. Rule 83.5.5(a)(1)(A), (3). But counsel have not provided evidence that they have advised Ms. Reulet that she is personally responsible for complying with court orders and procedural timelines or provided the Court with Ms. Reulet's current contact information. D. Kan. Rule 83.5.5(a)(1)(B), (C). While counsel have represented that they discussed the matter with Ms. Reulet, they have not provided evidence that they sent a copy of the motion to Ms. Reulet or proof of that service by certified mail receipt or affidavit. D. Kan. Rule 83.5.5(a)(2), (4).

Because defense counsel have not complied yet with all the requirements in Rule 83.5.5(a), the Court denies the motion, without prejudice. The Court directs defense counsel to file a new motion for withdrawal in compliance with Rule 83.5.5(a) by February 8, 2016. In light of this Order, the Court extends the time to file a response to the government's Motion to Appoint Counsel and to Unseal Waiver Colloquies (Doc. 643) and Motion to Disqualify Counsel (Doc. 645) to February 18, 2016, under Federal Rule of Criminal Procedure 45(b)(1).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Michelle Reulet's counsel's unopposed Motion to Withdraw (Doc. 650) is denied, without prejudice.  Mr. Reynal and Mr. Bainum shall file a subsequent motion to withdraw that complies with the requirements of Rule 83.5.5(a) by February 8, 2016.

**IT IS FURTHER ORDERED THAT** the government's Motion to Require Compliance with Local Rule 83.5.5 (Doc. 651) is granted.

**IT IS SO ORDERED.**

**Dated this 2nd day of February, 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**